UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Hugo OTERO,**<br><br>Defendant. | Magistrate Case No. **08 MJ 1811**<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Aliens Without Presentation |

The undersigned complainant being duly sworn states:

On or about **June 9, 2008**, within the Southern District of California, defendant **Hugo OTERO**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Candelaria SANCHEZ-Lopez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 11th day of **June, 2008** at 9:20 a.m.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Candelaria SANCHEZ-Lopez** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On June 9, 2008, at about 9:48 PM, **Hugo OTERO (Defendant)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a 1982 Chevrolet El Camino. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented his valid United States Passport as proof of identity and citizenship and stated he was returning to his home in Los Angeles after visiting his girlfriend in Mexico. The CBP Officer questioned Defendant regarding the ownership of the vehicle and asked to see proof of registration. Defendant claimed ownership of the vehicle, stating he has owned the vehicle for about two weeks and provided incomplete registration and recent vehicle sales forms. After obtaining two negative customs declarations from Defendant, the CBP Officer proceeded to conduct an inspection of the vehicle and noticed the end of the natural compartment located behind the seats was blocked with plywood that was layered with black felt cloth. Defendant and the vehicle were subsequently escorted to secondary for further inspection.

In secondary, a Canine Enforcement Officer (CEO) conducted an inspection with her Human/Narcotic Detector Dog which alerted towards the rear seat area of the vehicle. Another CBP Officer examined the area, pulled down on the plywood and uncovered a female human being who was enclosed in an extended area of the existing natural compartment. The female was assisted from the concealment area, determined to be a citizen of Mexico without legal documents to enter the United States and is now identified as **Candelaria SANCHEZ-Lopez (Material Witness).**

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted knowledge of the concealed alien. Defendant admitted he agreed to drive and deliver the concealed alien to a location in San Ysidro, California. Defendant admitted he recently purchased and registered the 1982 Chevrolet El Camino for the sole purpose of carrying out the smuggling act. Defendant admitted he agreed to the smuggling arrangements in exchange for an undisclosed payment amount but stated he planned to request a payment ranging from $800.00 to $1,000.00 USD.

On a separate videotaped interview, Material Witness admitted she is a citizen of Mexico without legal documentation to enter into United States. Material Witness admitted she made smuggling arrangements with an unidentified male and agreed to pay a fee of $2,000.00 USD to be smuggled into the United States. Material Witness admitted she was going to San Diego, California to seek employment.